Weldon, J.,
delivered the opinion of the court:
This case is peculiar in its facts. The vessel sailed on a commercial voyage on December 21, 1798, from Salem, Mass., bound for Bilboa, Spain; was captured on the high seas by a French vessel on the 24th of January, 1799, and carried into Saco, France; was libeled before the tribunal of commerce at Bayonne, which tribunal decreed that the seizure was illegal and ordered the release of the vessel and cargo with damages and costs against the captors. An appeal was entered by the captors from said decree to the court of appeals, and while the appeal was pending, in consideration *75 that the appeal would not be prosecuted, the matter was settled and compromised, the captain agreeing to pay the captors a sum equal to per cent of the value of the cargo and vessel, and all costs, which was paid, and the vessel and cargo were released and the ship permitted to pursue its voyage.
The vessel belonged to William Homan, a citizen of the United States, but was chartered to William Orne. The cargo, which belonged to Orne, consisted of ñsh and oil, and was sold in France, as shown by the findings.
Homan, the'owner of the vessel, had an insurance on the vessel, payment of which was made by the underwriters as shown in the findings. Orne also had an insurance as shown by the findings.
It is insisted by counsel for the defendants that the facts do not establish a valid claim for indemnity against France, and being none against France no liability attaches to the United States.
It has-been repeatedly decided that the liability of the United States under the statute giving this court jurisdiction depends on the primal and original liability of France; and if a case is deficient in not showing that France was liable diplomatically there can be no consequent liability attaching to the United States.
The findings show that the owner of the cargo, the charterer, was successful in defending his rights before the tribunal of commerce, but in apprehension of the final result or the consequences of delay he compromised the case by paying the captors nearly one-third of the value of the cargo and vessel.
A case very similar in its facts was decided at the last term of this court, the Amiable Matilda (39 C. Cls. R., 138), in which it was held that no liability attached to France because of the seizure in that case. The case of the Amiable Matilda followed the line of the law indicated in the case of the Tom (29 C. Cls. R., 71), where it is in substance decided that it was the duty of the captured party in case of an adverse decision to prosecute an appeal; and. that in France a substantial redress by appeal existed. It is said in the *76 Amiable Matilda (supra), in substance, that the French court having decided in favor of the captured parties it was their duty to stand by that decision if they intended to hold the sovereign of the captors responsible. As is said in the Tom (supra) : “ The United States are not liable where a claimant having a substantial right of appeal neglected to prosecute it.” Applying that principle to the facts of this case, what is the effect? In this case the claimants had a judgment of the French court in their favor; and if it was their duty amid the circumstances of the case to take an appeal in case the judgment was against them, how much more was it their duty to abide by and defend the judgment of the court when it vyas in their favor. In legal effect they paid the captors the amount of the compromise in violation of the decree of the court, and by such payment released the claim against France, and therefore the claimants are not entitled to indemnity from the United States.